UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TRUIST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:21-CV-190-REW-MAS |
| v. | ) | |
| | ) | |
| AGTECH SCIENTIFIC GROUP, LLC, | ) | FINAL ORDER APPROVING SALE |
| et al, | ) | OF PROPERTY |
| | ) | |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Aurora Management Partners, Inc. ("Aurora") moved for entry of an order approving the final sale of real property at 1077 Cane Ridge Road, Paris, Kentucky ("Cane Ride Road Property"), together with personal property at that location, free and clear of liens, claims, and encumbrances pursuant to its authority as Receiver under the Court's previous order. DE 111 (Motion); DE 45 (Amended Order appointing receiver). Aurora further requested an evidentiary hearing in connection with the sale of the Cane Ridge Road Property, which the Court granted and referred to United States Magistrate Judge Matthew A. Stinnett. DE 89 (Motion); DE 104 (Referral order). Judge Stinnett conducted the hearing on February 22, 2022 then issued a report and recommendation as to the Cane Ridge Road realty. DE 140 (Minutes for motion hearing); DE 142 (R&R). The prescribed five-day objection period has elapsed, and no party has objected. *See id.*

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in

1

his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CIV. P. 72(b)(3) (limiting de novo review duty to any part of the recommendation "that has been properly objected to"); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

As Judge Stinnett noted, transcripts for the evidentiary hearing are as yet unavailable, but the recommendation fully captures and describes the relevant evidence and testimony presented. *See* DE 142 at 1, n. 1. The lack of objection, along with Judge Stinnett's expert management, resolves this matter. Accordingly, the Court, finding Judge Stinnett's legal and factual conclusions supported by the record and the law, **ADOPTS** DE 142, **GRANTS** DE 111, and enters this **Final Order Approving the Sale of Property** at the Cane Ridge Road Property and as described at DE 111. The Court expressly adopts the findings as recommended at DE 142, pp. 10-12, ¶¶ 1-12, makes the following additional findings, and orders the following conditions:

1. This Court has jurisdiction over the DE 111 Sale Motion pursuant to 28 U.S.C. § 1331. Venue of this proceeding and the Sale Motion is proper in this judicial district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought herein is 28 U.S.C. § 2001, *et seq.*

2. The relief sought in the Sale Motion is fully justified pursuant to 28 U.S.C. §§ 2001, 2002, and 2004 and the Appointment Order.

3. The transfer of the Cane Ridge Road Property to the Winning Bidder will be a legal, valid, and effective transfer. The Cane Ridge Road Property shall be sold and assigned to the Winning Bidder at the Closing, free and clear of all liens, claims

and encumbrances of any kind or nature including, but not limited to, any lien (statutory or otherwise), hypothecation, encumbrance, liability, security interest, contract rights, interest, mortgage, security agreement, and tax including, but not limited to, (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, (iii) any claim based on any theory that the Winning Bidder is a successor, transferee or continuation of any of the AgTech Companies, and (iv) any leasehold interest, license or other right, in favor of a third party or the AgTech Companies, to use any portion of the Cane Ridge Road Property, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown (referred to collectively hereinafter as the "Liens and Claims").

4. The Winning Bid Agreement, and subject to the failure of the Winning Bidder to close as agreed, the Backup Bid Agreement, and each of the terms thereof and the transactions contemplated thereby, are each hereby **APPROVED**. The Receiver is authorized and directed to execute and deliver such other documents and take such other actions as may be necessary, desirable or appropriate to effect, implement, and/or consummate the sale of the Cane Ridge Road Property to the Winning Bidder and all other transactions described in the Winning Bid Agreement without further application to or Order of this Court.

5. Effective upon Closing, all parties and/or entities asserting or who may assert Liens and Claims against the AgTech Companies are hereby permanently enjoined and

precluded, with respect to such Liens and Claims, from: (i) asserting, commencing or continuing in any manner any action against the Winning Bidder (or the Backup Bidder if it were to end up closing due to the Winning Bidder's failure to close) with respect to the Cane Ridge Road Property and (ii) attempting to enforce any Liens and Claims of any kind against the Cane Ridge Road Property.

6. The provisions of this Order authorizing the sale of the Cane Ridge Road Property free and clear of Liens and Claims shall be self-executing, and neither the AgTech Companies, the Receiver, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale. Without in any way limiting the foregoing, the Winning Bidder (or if applicable, the Backup Bidder) and the Receiver each is hereby empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

7. This Order shall be binding upon, and shall inure to the benefit of, the AgTech Companies, the Receiver and the Winning Bidder (or the Backup Bidder, if applicable) and their respective successors and assigns. The failure specifically to include any particular provisions of the Winning Bid Agreement or the Backup Bid Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that every provision, term, and condition thereof be and therefore is, authorized and approved in its entirety.

8. The Court shall retain jurisdiction over the AgTech Companies, the Receiver, the Winning Bidder, the Backup Bidder, and all parties asserting Liens and Claims and contract rights on or in the Cane Ridge Road Property to implement, interpret, consummate and/or effectuate the provisions of this Order, the Winning Bid Agreement, and all agreements arising out of, related to, or approved pursuant to this Order.

9. Any and all governmental recording offices and all other parties, persons or entities are directed to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the real property included in the Cane Ridge Road Property conveyed to the Winning Bidder (or the Backup Bidder, if applicable) at the Closing.

10. Within ten (10) days of Closing, the Receiver shall file in the docket for this case and provide to all interested parties a written accounting of the proceeds from the Cane Ridge Road Property sale, the costs and fees taken therefrom (including all closing costs, the obligations to be paid by the Seller under the Winning Bid Agreement, and the fees due to be paid to the Broker and to the Receiver), the resulting net proceeds from the sale, and the sums actually owed to Truist under the relevant loan and other agreements and per the applicable legal standards. Any party may challenge the accounting or object to the proposed net distribution to Truist within ten (10) days of its filing. Upon receipt of such objections or upon expiration of the deadline for so filing, the Court will evaluate and resolve any lingering issues, directing further briefing if and as needed, and order prompt final distribution of the net sale proceeds in an appropriate manner.

11. Upon receipt of sale proceeds at any time, the Receiver **SHALL** maintain such proceeds in escrow pending delivery of the accounting to be filed pursuant to the preceding paragraph and further orders. The Court will assess the accounting and any objections filed and issue orders directing appropriate distribution of the funds.

12. The reversal or modification of this Order on appeal shall not affect the validity of the transfer of the Cane Ridge Road Property to the Winning Bidder (or the Backup Bidder, if applicable) unless the transfer is stayed pending appeal prior to Closing.

13. This Order shall be effective immediately upon entry.

This the 7th day of March, 2022.

Signed By:

_Robert E. Wier_

**United States District Judge**

6