# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| **TRUIST BANK,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **NO. 5:21-cv-00190-REW-MAS** |
| ) | |
| **AGTECH SCIENTIFIC GROUP, LLC,** ) | |
| et al., ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |
| ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

The Court previously considered the creditors' objections to the Receiver's Report of Sale of the real property located at 1077 Cane Ridge Road, Paris, Kentucky (the "Cane Ridge Road Property") and directed brief supplemental documentation to clarify the record on certain topics. [DE 177 (Report and Recommendation); DE 162 (Report of Sale); DE 162-1 (Cane Ridge Road Property Accounting); DE 162-1 (Truist Balances as of March 15, 2022)]. Truist provided additional information and documents in response, including a Second Supplemental Affidavit from the Senior Vice President of Truist Bank's Asset Resolution Group and additional financial records. [DE 179, 179-1].

This supplemental documentation confirms that the figures provided for the net Cane Ridge Road Property sale proceeds and for the balances owed to Truist are accurate and supported. Truist provided updated records pertaining to and including the period between late January and March 15, 2022. [DE 179-1 at Page ID # 2101]. Consistent with the prior records, this information substantiates the balances owed to Truist throughout. Tuist further explained and clarified the

maximum amount secured by the mortgage and its exclusivity of additional, properly owed Estate Expenses (and applicable interest thereon), as due Truist per the receivership terms and as reflected in the mortgage documents. Based on Truist's supplement, the Court is affirmed in its reasonable certainty that Truist is owed the entire net proceeds total as reflected in DE 162-1 ($32,518,492.29). The Court therefore recommends that Judge Wier overrule the creditors' objections for the reasons stated in DE 177 and per the whole of the documentation in the record.

Additionally, the record reflects that the Receiver has now filed Reports of Sale with accompanying accountings relevant to the additional property sets at issue in this matter: certain personal property of limited value (the "Limited Value Assets") and the real property known 333 Cleveland Drive, Paris, Kentucky (the "Cleveland Drive Property"). [DE 176; DE 178]. Despite opportunity, no party objected to the proceeds of these sales as reflected, and the balances owed to Truist match those previously documented in the Cane Ridge Road Property Report of Sale and supplemental records. As with the Cane Ridge Road Property sale accounting information, the record demonstrates with reasonable certainty that Truist is entitled to the documented net proceeds of both the Limited Value Assets and the Cleveland Drive Property sales ($151,970.00 and $3,336,202.76, respectively). [*See* DE 176 at Page ID # 2052; DE 178-1].

As anticipated and not materially contested by the parties, the collective sum of the proceeds obtained from the sales of the Cane Ridge Road Property, the Cleveland Drive Property, and the Limited Value Assets totals $36,006,665.05—an amount less than the balance shown to be owed to Truist per the record ($42,143,055.55). Truist's entitlement to the full funds is plain.

For these reasons and those outlined in DE 177, the Court therefore **RECOMMENDS** that Judge Wier **OVERRULE** the creditors' objections to the Cane Ridge Road Property sale

accounting and further **ORDER** that the total proceeds from that sale and from the unchallenged Cleveland Drive Property and Limited Value Assets sales be distributed to Truist in full.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this overall recommendation, issued under subsection (B) of that statute. *See also* Fed. R. Civ. P. 72(b). Within **FOURTEEN DAYS** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this the 10th day of June, 2022.

Signed By:
Matthew A. Stinnett   *MAS*
United States Magistrate Judge