UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TRUIST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:21-CV-190-REW-MAS |
| v. | ) | |
| | ) | |
| AGTECH SCIENTIFIC GROUP, LLC, | ) | ORDER |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court previously approved the final sales of the Cane Ridge Road Property, *see* DE 149, the Cleveland Drive Property, *see* DE 171, and the Limited Value Assets, *see* DE 173. The Receiver then filed final accountings of the proceeds of each of those sales, including an accounting of the amount owed to Truist by the Defendants. *See* DE 162 (Cane Ridge Road Property Report of Sale); DE 176 (Limited Value Assets Report of Sale); DE 178 (Cleveland Drive Property Report of Sale). United States Magistrate Judge Matthew A. Stinnett reviewed all these filings and issued a recommendation for approval by this Court. *See* DE 182. The matter is now ripe for review.

Three parties objected to the report of sale as to the Cane Ridge Road Property. *See* DE 164 (Enhanced Pet Services Response); DE 165 (Paris-Bourbon County Response); DE 166 (VWD Response). The Receiver then responded to each. *See* DE 170. On review, Judge Stinnett correctly characterized these objections as largely dealing with the accuracy and completeness of amounts reportedly owed to Truist. *See* DE 177 at 2. The Court agrees with Judge Stinnett that "[t]he objectors have not pointed to any concrete proof of inaccuracies or discrepancies" in the

reported amounts owed to Truist under the loan agreements. *See id.* at 3. Truist also provided further documentation of its entitlement to the proceeds of the sale, *see* DE 179, and with that additional information, Judge Stinnett recommended that the Court overrule the objections and order the proceeds distributed to Truist in full. Having conducted its own review of the submitted documentation, the Court finds that Truist is indeed owed the entire amount of net sale proceeds as indicated by the report of sale. *See* DE 162.

As to the reports of sale for the Cleveland Drive Property and the Limited Value Assets, no party filed any objection. As Judge Stinnett noted, the balances owed to Truist in these reports match those contained in the Cane Ridge Road Property report. The Court, having reviewed the entire record and supporting documents, finds that Truist is also entitled to the full net proceeds of both the Cleveland Drive Property and the Limited Value Assets. The total amount owed to Truist under the loan agreements is $42,143,055.55—the total net proceeds from the three sales is $36,007,665.05. *See* DE 185-1; DE 179-1 at 7. Truist is plainly entitled to all net proceeds from these sales and no party raised any material objection to Judge Stinnett's calculations or findings. *See* DE 182.

Finally, the Receiver filed a response to Judge Stinnett's recommendation, requesting that a portion of the net proceeds from the Limited Value Assets be used to pay the Receiver's expenses rather than being released to Truist. *See* DE 183; *see also* DE 176 at ¶ 6 (Limited Value Assets Report of Sale). The Court ordered Truist to respond to this request, *see* DE 184, and it did so, *see* DE 186. Truist indicated no objection to allowing the Receiver to retain funds from the Limited Value Assets sale to pay its expenses. *See* DE 186 at 2. As no party objected to the report of sale of the Limited Value Assets containing the Receiver's request, and Truist—the party with the largest and an eclipsing claim to the proceeds—does not object, the Court approves the Receiver's

request. Payment of the Receiver's expenses is also contemplated by the Amended Order Appointing Receiver. *See* DE 45 at ¶ 3.

Accordingly, the Court **ADOPTS** DE 182 and **ORDERS** that the net sale proceeds of the Cane Ridge Road Property, the Cleveland Drive Property, and the Limited Value Assets—as reported in DE 162, DE 178, and DE 176, respectively—be disbursed to Truist in full, except that any amount owed to the Receiver for its reasonable fees and expenses shall be retained by the Receiver.

This the 26th day of August, 2022.

Signed By:
Robert E. Wier
United States District Judge